UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA SNIDER,

      Plaintiff,

v.

HOWARD, et al.,

      Defendants.

_____/

Case No. 2:26-cv-11881

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER DISMISSING COMPLAINT AS DUPLICATIVE
AND DENYING AS MOOT THE MOTION FOR 30 DAY EXTENSION
(ECF No. 5)**

Plaintiff Joshua "Sasha" Snider, is incarcerated at the Cotton Correctional Facility in Jackson, Michigan, from which he filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. On June 8, 2026, Snider filed two lawsuits, one of which was entered that same day and assigned to District Judge Denise Page Hood. *See Snider v. Howard et al.*, No. 2:26-cv-11879 (E.D. Mich. 2026) (Hood, J.) (hereafter "(Hood)"). The other was entered the next day on June 9, 2026, and assigned to District Judge Susan K. DeClercq. *See* ECF No. 1 (hereafter "(DeClercq)"). Both cases remain pending.

In both complaints, Snider alleges that Defendants—Michigan Department of Corrections (MDOC) employees—placed Snider in segregation which, she claims, was because of her race and gender identities as well as Defendants not being able

to transfer her to another facility on account of her mental health issues. ECF Nos. 1 at PageID.8 (DeClercq); 1 at PageID.3 (Hood).  Specifically, Snider "is an African-American transgender person who goes by the name of Sasha" and who has a history and "diagnos[is] [for] serious mental illness." ECF Nos. 1 at PageID.3 (Hood); 1 at PageID.7 (DeClercq).

Snider claims that the mental stress from continued segregation has resulted in several unspecified acts and contemplations of self-harm. ECF Nos. 1 at PageID.9 (DeClercq); 1 at PageID.4 (Hood). Snider further alleges that the Defendants continue to keep her in segregation in retaliation for her filing several grievances regarding the matter. ECF Nos. 1 at PageID.10, 12 (DeClercq); 1 at PageID.3 (Hood). Snider has been in segregation for at least three months. ECF Nos. 1 at PageID.11 (DeClercq) (stating she has been in segregation for over five months); 1 at PageID.3 (Hood) (stating she has been in segregation since April 24, 2026). Snider also alleges that the Defendants have been deliberately indifferent to her medical and psychiatric needs and further alleges a violation of her right to equal protection. ECF Nos. 1 at PageID.11 (DeClercq); 1 at PageID.5–6 (Hood).

As a general rule, when duplicative lawsuits are pending in separate federal courts, "the entire action should be decided by the court in which an action was first filed." *Smith v. Sec. Exch. Comm'n*, 129 F.3d 356, 361 (6th Cir. 1997); *see also Baatz v. Colum. Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016).  A

- 2 -

duplicative suit is one in which the issues "have such an identity that a determination in one action leaves little or nothing to be determined in the other." *Id.* (internal quotation marks and citations omitted). The Sixth Circuit has held that a district court "has broad discretion in determining whether to dismiss litigation or abstain in order to avoid duplicative proceedings." *In re Camall Co.*, 16 F. App'x 403, 408 (6th Cir. 2001) (citing *In Re White Motor Credit*, 761 F.2d 270, 274–75 (6th Cir. 1985)).

Here, the complaints raise the same allegations against the same defendants in the same timeframe. *See* ECF Nos. 1 (DeClercq); 1 (Hood). Thus, they are duplicative and warrant dismissal of the successive filing. *See Sanders v. Washington*, 582 F. Supp. 3d 543, 551–53 (W.D. Mich. 2022) (dismissing a complaint that was duplicative to six other pending lawsuits to avoid squandering judicial resources and subjecting "defendants to serial and vexatious litigation related to the same conduct"); *see also Ratcliff v. Moore*, 614 F. Supp. 2d 880, 885–86 (S.D. Ohio 2009) (dismissing a prisoner's duplicative § 1983 claims). Therefore, this Court will dismiss the action pending before it and allow the action before Judge Hood to precede as the primary action. *See Smith*, 129 F.3d at 361.

Because this case will be summarily dismissed for being duplicative, this Court disregards Snider's defective application to proceed *in forma pauperis* (IFP). *See Gilmore v. Oakland Cty. Jail Med. Unit*, No. 2:11-14902, 2013 WL 1155535, at *2 (E.D. Mich. Mar. 20, 2013) (disregarding an application to proceed IFP after

having found that the case would be dismissed as duplicative to an identical, earlier filed suit); *see also English v. Runda*, 875 F.2d 863 (6th Cir. 1989) (Table).  As a result, Snider's motion for an extension of time to cure the filing fee deficiency, ECF No. 5, will be dismissed as moot.

Accordingly, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED** as duplicative of the complaint filed in Case No. 2:26-cv-11879.

It is further **ORDERED** that Plaintiff's Motion for 30 Day Extension, ECF No. 1, is **DENIED AS MOOT.**

**This is a final order and closes the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: July 24, 2026

- 4 -